THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SALVA-
TORE GERACE, Appellant.

Fourth Department, May 4, 1938.

*Philip Halpern*, for the appellant.

*Alfred Pacine* [*Leo J. Hagerty, District Attorney*], for the respondent.

CROSBY, J. Appellant has been convicted of the crime of robbery in the first degree. At about eleven-thirty P. M. on Saturday night, September 25, 1937, the crime of robbery was committed at a drug store in the city of Buffalo. The only person in the store, besides the robber, was the People's witness, Mr. Ritter, the prescription clerk, from whom seventy-eight dollars and eighty-three cents was taken at the point of a gun. The sole question on this appeal is whether or not Ritter sufficiently identified appellant as the man who robbed him. Ritter is a college graduate and apparently a man of more than ordinary intelligence. As soon as the robber left the drug store, Ritter called members of the police force, and to one of them Ritter gave a description of the robber. It is entirely undisputed that Ritter described the robber as a man thirty-five to forty years old, of heavy or stocky build, and having a pock-marked face. And it is entirely clear, from the

record, indeed undisputed, that appellant was only twenty-two years of age, of slight build and having a clear complexion, and a face free from pock-marks.

Considering these marked discrepancies between the man described by Ritter, within a half hour after the robbery, and the man the appellant proved to be, it was of the greatest importance that appellant should have been treated fairly after he was arrested and Ritter was asked to identify him at the jail. If there ever was a case where the identifying witness should have been given an opportunity to select his man from a group of men, this was such a case. Instead, the officer making the arrest called upon Ritter to come to the jail to see if he could identify " a suspect " as the man who had robbed him, and no one was exhibited to Ritter excepting the defendant. Even at that Ritter failed at first to identify appellant as his assailant, but finally said he " was pretty sure, but he was not sure," that appellant was the man. This occurred on Monday, two days after the crime was committed. The policeman who brought Ritter to the jail to see appellant testified that, when Ritter failed promptly to identify appellant: " We gave him time to think it over, as to whether or not this man, the defendant, was the man." It occurs to us that identification of a man by appearance is not a matter to be reasoned out or even thought over. It is a matter of almost instantaneous judgment. Two days later, and on Wednesday, Ritter finally made an affidavit accusing appellant of being the man who had robbed him. Even in that affidavit Ritter stated that " the hold-up man was about 35–40 " (years old).

A witness, DiBenedetto, testified that appellant was in his restaurant eating a lunch from eleven P. M. till about midnight on the date of the robbery. This witness was not impeached in any way. Appellant, of course, denied having committed the crime. He remained at home in the neighborhood until his arrest and, by his conduct, gave no evidence of guilt. The evidence in this case does not point to appellant's guilt beyond a reasonable doubt.

The judgment of conviction should be reversed on the facts, and a new trial ordered.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

Judgment of conviction reversed on the facts and a new trial granted.