■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD WILLIAMS AND ROBERT CAWTHORN, Appellants.— Judgments of conviction reversed on the facts and a new trial granted. Memorandum: The identification of defendants as participants in the crime depended wholly on the testimony of the person allegedly robbed. Complainant's description of his assailants at trial was in many ways inconsistent with defendants' actual physical stature and appearance. Furthermore, the People's case is not strengthened by the method of identifying the defendants upon arrest, a method that raises doubts that the proper persons were arrested. The arresting officers testified that defendants were pointed out to them by a third party who had obtained a description of them from the complainant. The testimony of the police officers as to previous identification was not competent under section 393-b of the Code of Criminal Procedure. (*People* v. *Trowbridge,* 305 N. Y. 471.) In spite of this doubtful identification the complainant was not asked to select the defendants from a "line-up". He was merely asked to state whether the only two men shown him were his assailants. On the facts, in the absence of a "line-up", testimony relating to complainant's prior identification of defendants had no probative value. (See *People* v. *Gerace,* 254 App. Div. 135, 136.) Moreover the time elapsing between complainant's departure from his place of employment, his alleged encounter with defendants and his complaint to the police is sufficient, in this setting, to raise reasonable doubt as to whether any crime was, in fact, committed. Furthermore, the court erred in refusing to let the defendants stand alongside the complainant to show their comparative heights. Such would seem to have been a proper and graphic demonstration of the inaccuracy of complainant's description of defendants as his assailants, in that the height of his assailants was throughout estimated in relation to his own height. As the proof of identification at trial was, at best, doubtful, this error lends

further support to the reversal. All concur. (Appeals from judgments of Erie County Court convicting defendants of the crime of robbery, first degree.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.