Chief Judge Fuld
(concurring). The court’s analysis of the record demonstrates that no misrepresentations were used to effect or facilitate the theft charged against the defendant and, consequently, I agree that the testimony given by the victim was properly received in evidence. I agree also that the procedure employed by the police in procuring the victim’s initial identification of the defendant was not prejudicial but I consider that procedure so unfair as to require additional comment.
The defendant was convicted of grand larceny for having taken $950 from a woman who was in his company for a considerable length of time before and during the commission of the crime. After the defendant and a codefendant were in custody, the victim identified them at the police station by looking through a “ peep hole ” into a room in which they and a detective were the only persons present. And she again identified them at the trial.
Absent “imperative” circumstances necessitating resort to such a procedure, the practice of having a witness secretly *244 view, for identification purposes, only the very suspect whom the police have taken into custody for the crime can be “so unnecessarily suggestive and conducive to irreparable mistaken identification ” as to amount to a denial of due process of law. (Stovall v. Denno, 388 U. S. 293, 302; cf. People v. Williams, 3 A D 2d 967; People v. Conley, 275 App. Div. 743; People v. Gerace, 254 App. Div. 135; see, also, 3 Wigmore on Evidence [3d ed.], § 786a.) However, in the case before us, since the victim had ample opportunity to observe the defendant prior to and during the commission of the crime, it is manifest that her courtroom testimony identifying him was not based on, or tainted by, the potentially misleading circumstances which attended her earlier identification of him at the police station. Accordingly, the pretrial identification, impermissible though it be, may be disregarded as harmless error (Code Crim. Pro., § 542).
Opinion by Judge Van Voorhis. Ail concur, Chief Judge Fold in a separate opinion in which Judges Burke, Scileppi and Keating concur.
Judgment affirmed.